Mitchell J. Birzon (MB 4603)
Birzon, Strang & Bazarsky
Attorneys for Additional Counterclaim
Defendant, Stephen Day
222 East Main Street, Suite 212
Smithtown, New York 11787
(631) 265-6300

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
POLAR AIR CARGO, INC.,

Counterclaimant,

-against-

RICHARD BADAMO, STEPHAN DAY and RICHARD SIEFERT,

Additional Counterclaim Defendants.
---------------------------------------------------------------x

**VERIFIED ANSWER AND DEFENSES**

CV 06-2440 (JG)(KAM)

Additional Counterclaim Defendant, STEPHEN DAY (sued herein incorrectly as "STEPHAN DAY"), hereinafter referred to as "DAY", by his attorneys, BIRZON, STRANG & BAZARSKY, for his verified answer to the counterclaims of the counterclaimant, POLAR AIR CARGO, INC., hereinafter referred to as "POLAR" as follows:

1. States that he lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraphs numbered "1" through "30" of the Verified Answer.

2. Repeats and reavers the averments contained in paragraph numbered "1" hereof in response to paragraph numbered "31" of the Verified Answer.

3. States that he lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph numbered "32", "33", "34" and "36".

4. Admits the averments contained in paragraph numbered "35".

5. States that he lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs numbered “37”, “38”, 39” and “40”.

6. Denies the averments as it applies to DAY as set forth in paragraph numbered “41”, and DAY further denies being possessed of knowledge as to why he was terminated from employment.

7. Denies the averments contained in paragraph numbered “42” as it pertains to any fraudulent conduct of DAY.

8. Denies knowledge and/or information sufficient to form a belief as to the truth of the averments contained in paragraphs numbered “43”, “44”, “45”, “46”, “47”, “48” and “49”.

9. Denies that there was any fraudulent scheme that was facilitated by DAY, and denies being possessed of knowledge and/or information sufficient to respond to the averment regarding the alleged overpayment contained in paragraph numbered “50”.

10. Denies the averments contained in paragraph numbered “51”.

11. Repeats and reavers the averments contained in paragraphs numbered “1” through “10” hereof in response to paragraph numbered “52” of the Verified Answer.

12. Denies being possessed or knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph numbered “53”, “54”, “55”, “56”, “57”, “58”, “59”. In response to all of the averments contained therein, DAY denies being complicit in any wrongdoing that was not sanctioned or otherwise proved and encouraged by his superiors.

13. Repeats and reavers the averments contained in paragraphs numbered “1” through 12” hereof in response to paragraph numbered “60” of the Verified Answer.

14. Denies the averments contained in paragraphs numbered “61”, “62”, “63”, “64”, “65” and “66”.

15. Repeats and reavers the averments contained in paragraphs numbered "1" through 14" hereof in response to paragraph numbered "67" of the Verified Answer.

16. Denies being possessed or knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs numbered "68", "69", "70", "71", "72".

17. Repeats and reavers the averments contained in paragraphs numbered "1" through "16" hereof in response to paragraph numbered "73" of the Verified Answer.

18. Denies the averments contained in paragraph numbered "74", "75", "76" and "77".

19. Repeats and reavers the averments contained in paragraphs numbered "1" through "18" hereof in response to paragraph numbered "78" of the Verified Answer.

20. Denies being possessed of knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraphs numbered "79" and 80".

21. Repeats and reavers the averments contained in paragraphs numbered "1" through "20" hereof in response to paragraph numbered "81" of the Verified Answer.

22. Denies being possessed of knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs numbered "82", "83" and "84".

23. Repeats and reavers the averments contained in paragraphs numbered "1" through "22" hereof in response to paragraph numbered "85" of the Verified Answer.

24. Denies the averments contained in paragraphs numbered "86", "87", "88" and "89". In response to these paragraphs, any and all actions by DAY were done with the knowledge, complicity, consent, approval, and encouragement of DAY'S superiors.

25. Repeats and reavers the averments contained in paragraphs numbered "1" through "24" hereof in response to paragraph numbered "90" of the Verified Answer.

26. Denies being possessed of knowledge and/or information sufficient to form a belief as to the truth of the averments contained in paragraphs numbered “91”, “92”, “93”, “94” and “95”.

27. Repeats and reavers the averments contained in paragraphs numbered “1” through “26” hereof in response to paragraph numbered “96” of the Verified Answer.

28. Admits the averments contained in paragraph numbered “97”.

29. Denies the averments contained in paragraph numbered “98” and “99”.

**AS AND FOR A FIRST DEFENSE, AVERS:**

30. DAY is entitled to a set off or recoupment in respect to some or all of the damages, which the Counterclaimant seeks in this action.

**AS AND FOR A SECOND DEFENSE, AVERS:**

31. Some or all of the relief sought by the Counterclaimant is barred by the Doctrine of Unclean Hands.

**AS AND FOR A THIRD DEFENSE, AVERS:**

32. All of the relief sought by the Counterclaimant is barred on account of the Doctrine of *Respondeat Superior*.

**AS AND FOR A FOURTH DEFENSE, AVERS:**

33. All of the actions of DAY were done with the expressed and/or implied knowledge and consent of the Counterclaimant, as well as those employees of the Counterclaimant who ranked in areas of higher authority than DAY.

WHEREFORE, DAY demands judgment dismissing the claims of the Counterclaimant and awarding him judgment in an amount equal to the actual expenses, including, but not limited to attorney’s fees incurred by DAY in the defense of the claims of the Counterclaimant.

Dated: Smithtown, New York
June 5, 2006

BIRZON, STRANG & BAZARSKY

By:___/s/ Mitchell J. Birzon______________
MITCHELL J. BIRZON (4603)
Attorneys for Additional Counterclaimed
Defendant, Stephen Day
222 East Main Street, Suite 212
Smithtown, New York 11787
(631) 265-6300

TO: Jeffrey Hill, Esq.
DAVIDOFF, MALITO & HUTCHER, LLP
Attorneys for Defendant and Counterclaimant,
Polar Air Cargo, Inc.
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200

Richard A. Kraslow, Esq.
RICHARD A. KRASLOW, P.C.
Attorneys for Plaintiff, AOG Sheetmetal, Inc.
425 Broad Hollow Road, Suite 206
Melville, New York 11747
(631) 756-8300

Richard Badamo
1021 Windermere Road
Franklin Square, New York 11010

Richard Siefert
267 Donald Boulevard
Holbrook, New York 11741

**VERIFICATION**

STATE OF NEW YORK)
) ss:
COUNTY OF SUFFOLK)

STEPHEN DAY, being duly sworn deposes and says:

Deponent is an additional counterclaim defendant in the within action; deponent has read the foregoing ANSWER and knows the contents thereof. The same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, as to those matters deponent believes to be true.

/s/ Stephen Day_______________
STEPHEN DAY

Sworn to before me this
5th day of June 2006

/s/ Mitchell J. Birzon__________
Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2006, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

TO: Jeffrey Hill, Esq.
DAVIDOFF, MALITO & HUTCHER, LLP
Attorneys for Defendant and Counterclaimant,
Polar Air Cargo, Inc.
605 Third Avenue, 34th Floor
New York, New York 10158
(212) 557-7200

Richard A. Kraslow, Esq.
RICHARD A. KRASLOW, P.C.
Attorneys for Plaintiff, AOG Sheetmetal, Inc.
425 Broad Hollow Road, Suite 206
Melville, New York 11747
(631) 756-8300

Richard Badamo
1021 Windermere Road
Franklin Square, New York 11010

Richard Siefert
267 Donald Boulevard
Holbrook, New York 11741

/s/ Mitchell J. Birzon
MITCHELL J. BIRZON, ESQ.
Birzon, Strang & Bazarsky
222 East Main Street, Suite 212
Smithtown, New York 11787
(631) 265-6300